IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELTZER/AUSTIN RESTAURANT CORPORATION, et al. | § § § | |
| V. | § § § | A-11-CV-542-LY-AWA |
| BENIHANA NATIONAL CORP. | § | |

**ORDER**

Before the Court is the Plaintiffs' Motion to Compel Depositions (Doc. No. 105), recently referred to the undersigned for resolution. In the motion, the Plaintiffs request that the Court compel Benihana to make witnesses available for deposition within 30 days, or compel the Defendant to make the witnesses available on dates to be selected by the Plaintiffs' counsel. The motion states that there were discussions regarding the taking of depositions that took place in August, 2012, and which led to a tentative agreement under which each side would take four depositions of the opposing party's witnesses. According to the motion, when Plaintiffs' counsel sent her list of four witnesses to the Defendant's attorneys on August 13, 2012, she received no response, but rather was served with the Defendant's Motion to Dismiss Third Amended Complaint.

What is rather glaringly absent from the motion and its attachments is any evidence of a more recent discussion between counsel regarding the taking of depositions. As Plaintiffs' counsel is no doubt well aware, this Court's Local Rules require that movants on discovery motions,

> advise[ ] the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certif[y] the specific reason that no agreement could be made.

Local Rule CV-7(i). This conference requirement is not met by discussions that took place via email more than five months ago. Given that it appears Plaintiffs' counsel has been very diligent in

documenting in writing her discussions with opposing counsel, the absence of any recent written request by Plaintiff to take specific depositions, followed by a refusal by Defendant, leads the Court to believe that there have not been any such discussions regarding the instant motion. Further, the motion fails to state that Plaintiffs have taken advantage of the "self-help" provided by the Federal Rules of Civil Procedure. Rule 30 provides in plain language that no leave of court is necessary to take a deposition that is noticed in the manner set out in the rule. *See* FED. R. CIV. P.30(a)(1) & (b)(1). Plaintiffs fail to explain why they have not simply noticed the depositions that they wish to take, but rather have instead have a filed the instant motion.

It was apparent to the undersigned from the discovery hearing on December 19, 2012, that there is not sufficient communication occurring between counsel in this case. Before the Court will take up the instant motion, it hereby directs counsel for the parties to have a discussion within the next 7 days regarding the issues raised in the motion. The Court reminds the Defendant that the Court stated unequivocally at the December 19th hearing that it would not stay discovery in this case pending the district judge's ruling on the motion to dismiss, and thus the taking of depositions is appropriate at this point. And the Court reminds the Plaintiffs that, as stated at the December 19th hearing, they will not be permitted to engage in free-ranging discovery, but must limit themselves to matters relevant to the precise dispute before the Court.

Given all of the above, the Court cannot imagine that there is any need for an order compelling depositions, but rather fully expects the parties to cooperate with each other and arrange for the taking of appropriate depositions without the Court's involvement. On this assumption, the Court hereby DENIES Plaintiffs' Motion to Compel Depositions (Doc. No. 105) WITHOUT

PREJUDICE . In the unlikely event the Court is incorrect in its assumption that these issues can be resolved by agreement, the Plaintiffs are free to refile the motion.

SIGNED this 7th day of January, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE