# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MELTZER/AUSTIN RESTAURANT CORPORATION, et al. | § § § | |
| V. | § § | A-11-CV-542-AWA |
| BENIHANA NATIONAL CORP. | § § | |

## ORDER

Before the Court are the following motions and their associated responses, replies, and supplements:

(1) Defendant's Motion to Exclude the Testimony and Report of George P. Roach (Dkt. No. 191); Plaintiffs' Response in Opposition (Dkt. No. 201); Defendant's Reply in Support (Dkt. No. 206);

(2) Plaintiffs' Motion to Exclude or Limit Proposed Expert Testimony of Clinton Sayers and Gary Durham (Dkt. No. 198); Plaintiffs' Supplement to its Motion to Exclude or Limit Proposed Expert Testimony of Clinton Sayers and Gary Durham (Dkt. No. 202); Defendant's Response in Opposition (Dkt. No. 207); Plaintiffs' Reply in Support (Dkt. No. 216);

(3) Plaintiffs' Motion in Limine (Dkt. No. 204); Defendant's Response to Plaintiffs' Motion in Limine (Dkt. No. 208); and

(4) Defendant's Updated Motion in Limine (Dkt. No. 217).[1]

The Court held a hearing on the above-motions during the final pretrial conference in this case on March 28, 2014. After reviewing the parties' submissions, the parties' arguments at the hearing, and the relevant law, the Court issues the following Order.[2]

---

[1] Defendant had filed its original Motion in Limine along with its pretrial submissions. *See* Dkt. No. 205, Exhibit G. Following communications between the parties on potential areas of agreement, Defendant then filed its Updated Motion in Limine. Dkt. No. 217.

[2] There are also several pending miscellaneous motions that are related to the motions listed above. After reviewing the following motions, and noting that they are unopposed or agreed, the Court hereby **GRANTS** the following: Plaintiffs' Unopposed Motion to Exceed Page Limits (Dkt.

## I. *DAUBERT* MOTIONS

Both parties, pursuant to Federal Rule of Evidence 702, seek to exclude the testimony of the others' experts in this case. In particular, Plaintiffs Bradley C. Meltzer, Meltzer/Austin Restaurant Corporation, Meltzer/Austin Restaurant II, LLC, and Meltzer San Antonio Restaurant, LP (collectively "Meltzer"), seek to exclude Defendant Benihana National Corporation's ("Benihana") experts Clinton Sayers and Gary Durham. Dkt. No. 198. Benihana wants to exclude Meltzer's expert George P. Roach. Dkt. No. 191.

Questions concerning the admissibility of expert evidence in federal court are governed by the Federal Rules of Evidence, and more specifically Rule 702. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002).[3] Under Rule 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and their progeny, the district judge, acting as a gatekeeper to exclude unreliable expert testimony, has discretionary authority to determine the reliability of an expert opinion in light of the particular facts and circumstances of each

---

No. 197); Plaintiffs' Unopposed Motion to Exceed Page Limits (Dkt. No. 200); and Defendant's Agreed Motion for Leave to File 10-Page Reply in Support of its Motion to Exclude Testimony and Report of George P. Roach (Dkt. No. 205). Additionally, the Court will also **GRANT** Defendant's Motion for Extension of Time to File (*Nunc Pro Tunc*) regarding Motion to Exclude Testimony of George Roach (Dkt. No. 199).

[3] Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. *Id*.

case. *See Kumho*, 526 U.S. at 153. Under *Daubert*, trial courts act as gatekeepers overseeing the admission of both scientific and non-scientific expert testimony. *Id.* at 147. The trial court must make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. In its role as gatekeeper, the trial court must determine whether the expert testimony is both reliable and relevant. *Id*. at 589.

> The Fifth Circuit has also warned that in evaluating expert testimony,
>
> the trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system. Rather, as *Daubert* makes clear, vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform [an analysis under] *Daubert* . . . into a trial on the merits.

*Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002) (internal quotations and citations omitted). For example, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (emphasis added).

With these principles in mind, the Court will **GRANT IN PART** and **DENY IN PART** Benihana's Motion to Exclude the Testimony and Report of George P. Roach (Dkt. No. 191) and **DENY** Meltzer's Motion to Exclude or Limit Proposed Expert Testimony of Clinton Sayers and Gary Durham (Dkt. No. 198).

In its written motion and at the hearing, Benihana sought to exclude the testimony of Meltzer's expert, George P. Roach, who opines on the measure of damages related to the Benihana

3

restaurants operated or to be operated by Meltzer. The primary arguments set forth by Benihana for Roach's exclusion include his speculation that the profits at each Benihana restaurant operated by Meltzer would grow by four percent annually and that this growth would continue to occur for the next fifteen years. At the hearing, Benihana reiterated its objection to Roach's testimony, noting that there are no objective facts or data that would support Roach's calculations and that Roach's calculations are contrary to the actual historical data. In light of Benihana's contentions, the undersigned questioned Meltzer's counsel about the issues raised by Benihana, particularly the purported lack of any data to support Roach's conclusion that the profits at Meltzer's restaurants would grow by four percent. Despite repeated requests from the Court, Meltzer's counsel was unable to point to any data that specifically supported Roach's calculation of four percent growth. The only factors articulated by Meltzer's counsel were Austin's general healthy economic climate and that Austin was a healthy market for restaurant growth.

The Court finds Meltzer's reliance upon these general economic factors to be insufficient for establishing the reliability of Roach's calculations. *See, e.g.*, *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) (criticizing an expert opinion unsupported by any data); *see also Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987) ("If an opinion is fundamentally unsupported, then it offers no expert assistance to the jury."). Meltzer has failed to articulate any information relied upon by Roach that would suggest that Roach's usage of four percent profit growth for Meltzer's restaurants would be reliable. It does not appear, and Meltzer's counsel has not argued, that he used any data based on Meltzer's Benihana restaurants, and at no time did either of the Meltzer Benihana franchise restaurants achieve a four percent profit growth from one year to the next. Accordingly, to the extent Roach's report or testimony relies upon a profit growth of four percent annually for the

restaurants at issue in this case, the Court **GRANTS** Benihana's Motion to Exclude and **STRIKES** Roach's opinion for the reasons stated above. However, as noted by the Court during the parties' telephone conference on March 5, 2014, Benihana's Motion to Exclude Roach's testimony was untimely filed.[4] Therefore, the Court will provide Roach an opportunity to amend his report and testimony. Roach shall revise his report and testimony and inform Benihana of any changes before the end of business on **Wednesday, April 2, 2014**. Benihana shall have an opportunity to question Roach concerning his revisions, either by deposition or written statement. Meltzer shall make Roach available in Austin, Texas, for the deposition, if that is the method chosen by Benihana.

In all other respects, Benihana's Motion to Exclude is **DENIED**. Benihana's contention pertaining to Roach's calculation of damages for fifteen years appears to focus primarily on whether the parties had committed themselves to the contract for the new Benihana franchise and consequently, whether Meltzer is able to obtain "benefit of the bargain" damages. As such, Benihana's challenge to Roach's calculation of damages for fifteen years of restaurant operation will be addressed by this Court through the jury charge or under Rule 50.

Additionally, after reviewing Meltzer's objections to the testimony of Benihana's experts Clinton Sayers and Gary Durham, the Court concludes that Meltzer's contentions focus on the weight of the evidence presented, not its admissibility. For example, Meltzer argues that Sayers used an incorrect definition for net operating income in his calculations. Dkt. No. 198 at 4. Meltzer also criticizes Sayers for violating the Uniform Standards of Professional Appraisal Practice ("USPAP").

---

[4] Benihana represented during the telephone conference that it believed all deadlines had been canceled by the Court's Status Conference Order dated December 3, 2013 (Dkt. No. 184). However, that Order only canceled all deadlines related to the parties' filing of their *pretrial materials*. Objections to the reliability of an expert's proposed testimony are not included in a parties' pretrial materials. *See* Local Rule CV-16(e).

*Id.* at 5. Yet these are issues that can be addressed during Meltzer's cross examination of Sayers during trial. In particular, the Fifth Circuit has specifically held that a tax court had acted within its discretion in "considering USPAP compliance as relevant to the weight [of the expert's] report . . . , instead of whether it should be admitted." *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 612 F.3d 321, 332 (5th Cir. 2010).

As for Gary Durham, Meltzer challenges Durham's opinion mostly on the basis of his reliance on Sayers's report. Meltzer contends that Durham's testimony should be excluded because (1) Durham picked the parts of Sayers's report that were advantageous to his calculations for Benihana; (2) a violation of USPAP occurred; (3) Durham applies Sayers's appraisal beyond its intended scope or applicability; and (4) Durham made improper inferences in performing his calculations. Dkt. No. 198 at 7–10. After review, the Court again finds that these are issues that address the weight of Durham's opinion, not its admissibility. It may be that Durham improperly used only parts of Sayers's report in order to arrive at lower damages amount. It may also be the case that Durham incorrectly applied Sayers's appraisal or that he made improper inferences. However, the flaws of Durham's analysis highlighted by Meltzer may be brought out through vigorous cross examination and the presentation of contrary evidence. The Court need not exclude an expert's testimony simply because another party disagrees with its conclusions. *See, e.g.*, *KB Partners I, L.P. v. Barbier*, No. 11–1034, 2013 WL 2443217 at *4–10 (W.D. Tex. June 4, 2013). As a result, the Court **DENIES** Meltzer's Motion to Exclude or Limit Proposed Expert Testimony of Clinton Sayers and Gary Durham (Dkt. No. 198).

## II. MOTIONS IN LIMINE

At the final pretrial conference, the Court also addressed Meltzer's Motion in Limine (Dkt. No. 204) and Benihana's Updated Motions in Limine (Dkt. No. 217). Consistent with the rulings made during the hearing, the Court issues the following orders on the motions in limine:

**A.  Meltzer's Motion in Limine (Dkt. No. 204)**

1. GRANTED.

2. GRANTED.

3. GRANTED.

4. GRANTED.

5. DENIED.

6. *See infra*.

7. GRANTED.

8. GRANTED.

9. DENIED. The Court determines that the history of the parties' relationship during the relevant time period is relevant for the purposes of the issues in this case.

10. GRANTED IN PART and DENIED IN PART. The Court GRANTS Meltzer's Motion in Limine No. 10 to the extent it seeks to bar any argument or mention at trial of the "additional non-compliance issues" listed in the Failure to Cure/Right to Terminate letters of January 11, 2011. However, the Court DENIES Meltzer's Motion in Limine No. 10 to the extent it seeks to redact any portion of the aforementioned letters when the letters are submitted as Exhibits.

11. *See infra*.

12. *See infra*.

**Meltzer's Motion in Limine Nos. 6, 11, 12**

The subject matter of Meltzer's Motion in Limine Nos. 6, 11, and 12 all pertain to customer complaints submitted to Benihana regarding its restaurants, including Meltzer's Benihana franchises. At the final pretrial conference, Meltzer objected to the introduction of all customer complaints, especially to the extent those complaints are used as a comparison between Meltzer's Benihana franchises and other Benihana restaurants, because such evidence would be unfairly prejudicial and the complaints were not produced during discovery. Meltzer claimed that he had asked for these customer complaints but that Benihana had refused to produce these documents. Benihana asserted that Meltzer had never requested these complaints. When Meltzer was unable at the hearing to identify where he had requested these customer complaints from Benihana during discovery, he requested the opportunity to provide that information to the Court and Benihana subsequent to the hearing.

In an email to the Court's law clerk on Monday, March 31, 2014, Meltzer stated that he had been mistaken and that he had not requested customer complaints regarding other Benihana franchises. However, as was stated at the final pretrial conference, Meltzer contends in the email that customer complaints were never mentioned in any of the franchise correction reports or default letters as an area of concern. Given that customer complaints occur at every restaurant, Meltzer reiterates that the introduction of this evidence at trial would be inflammatory and unfairly prejudicial. Benihana's response email also restates its argument during the final pretrial conference. Benihana argues that Meltzer could have, but did not, request these customer complaints. Benihana also notes that it has not identified customer complaints for other restaurants in its trial exhibit list.

Benihana then directs the Court's attention to its Response to Meltzer's Motion in Limine (Dkt. No. 208) for its remaining arguments. In summary, Benihana seeks to introduce testimony that Meltzer's Benihana franchises received a higher level of customer complaints than other Benihana restaurants. Benihana contends that this comparison will demonstrate that it terminated Meltzer's Benihana franchises in good faith. Benihana further submits that this testimony will establish that it exercised its discretion in good faith. Dkt. No. 208 at 9.

After reviewing the parties' arguments, the Court will **DENY** Meltzer's Motion in Limine No. 6 and **GRANT** Meltzer's Motion in Limine No. 11. Consistent with the Court's rulings on Meltzer's Motion in Limine Nos. 5 and 9, the Court will permit Benihana to present evidence concerning the historical relationship *between the parties*, which may include evidence of customer complaints pertaining to Meltzer's Benihana franchises. On the other hand, comparisons between the level of customer complaints at Meltzer's Benihana franchises and *other* Benihana restaurants goes beyond providing "context" of the parties' relationship leading up to the decision to terminate Meltzer's franchises, and was never mentioned as the basis for that decision. Further, Benihana has never provided the data underlying any such comparison to Meltzer, and initially objected in discovery to providing *any* information about non-Meltzer franchises. *See, e.g.*, Order of January 4, 2013 (Dkt. No. 108) at 8–10. Testimony making complaint comparisons is potentially highly inflammatory and prejudicial, and that prejudice would outweigh any probative value the evidence might have (which would be minimal).

As for Meltzer's Motion in Limine No. 12, the Court remains unclear about what testimony Meltzer is attempting to exclude from trial aside from the customer complaints already discussed above. No clarification was provided by the parties during the final pretrial conference.

Additionally, the Court has already stated what Benihana may and may not discuss in front of the jury at trial in the previous paragraph. Therefore, to the extent Benihana seeks to present testimony comparing Meltzer's Benihana franchises with other restaurants with regard to restaurant customer complaints or comparisons with ratings on other restaurants, Meltzer's Motion in Limine No. 12 is **GRANTED**. In all other respects, Meltzer's Motion in Limine No. 12 is **DENIED**.

B.   **Benihana's Updated Motion in Limine (Dkt. No. 217)**

   1.   DENIED.

   2.   GRANTED.

   3.   DENIED.

   4.   GRANTED IN PART and DENIED IN PART. The Court GRANTS Benihana's Motion in Limine No. 4 to the extent the term "misconduct" is defined to mean any criminal behavior, sexual misconduct, or improper conduct related to the proxy dispute described by the parties during the hearing. In all other respects, Benihana's Motion in Limine No. 4 is DENIED.

   5.   GRANTED.

   6.   GRANTED.

   7.   GRANTED.

   8.   GRANTED.

   9.   GRANTED.

   10.  GRANTED.

   11.  GRANTED IN PART and DENIED IN PART. The Court GRANTS Benihana's Motion in Limine No. 11 to the extent it applies to any witnesses who are not

currently Benihana employees. The Court DENIES Benihana's Motion in Limine No. 11 to the extent it applies to any current Benihana employees.

12. GRANTED.

13. GRANTED.

14. GRANTED.

15. GRANTED.

16. DENIED.

17. DENIED.

18. DENIED.

19. GRANTED. The Court's order on Benihana's Motion in Limine No. 19 includes any post-lawsuit settlement discussions or mediations of any kind.

20. GRANTED. Benihana represented at the hearing that the discussions contemplated by its Motion in Limine No. 20 included discussion from late 2010 through July 2011 that concerned a complete settlement of all of Meltzer's claims, termination of Meltzer's franchises, and a buyout of Meltzer's restaurants.

21. DENIED AS MOOT. Meltzer represented during the hearing that he had dropped his negligence claim.

22. GRANTED.

23. GRANTED.

24. GRANTED IN PART and DENIED IN PART. The Court GRANTS Benihana's Motion in Limine No. 24 to the extent Meltzer seeks to argue that Benihana sought to take advantage of Meltzer's physical condition and stroke in late 2010. The Court

>DENIES Benihana's Motion in Limine No. 24 to the extent Meltzer seeks to introduce the fact that Meltzer suffered a stroke and when it occurred.

25. GRANTED.

26. GRANTED.

27. GRANTED.

28. GRANTED.

29. GRANTED.

As made clear on the record, these are not evidentiary rulings, but rather only an order that, prior to raising any of these matters in the presence of the jury, counsel approach the bench and seek permission to do so.

### III.  CONCLUSION

In accordance with the preceding discussion, it is **HEREBY ORDERED** that Benihana's Motion to Exclude the Testimony and Report of George P. Roach (Dkt. No. 191) is **GRANTED IN PART** and **DENIED IN PART**. The Court **STRIKES** the portion of Roach's opinion discussed above. Roach shall revise his report and testimony and inform Benihana of any changes before the end of business on **Wednesday, April 2, 2014**. Benihana shall have an opportunity to question Roach concerning his revisions, either by deposition or written statement. Meltzer shall make Roach available in Austin, Texas, for the deposition, if that is the method chosen by Benihana.

It is **FURTHER ORDERED** that Meltzer's Motion to Exclude or Limit Proposed Expert Testimony of Clinton Sayers and Gary Durham (Dkt. No. 198) is **DENIED**.

It is **FINALLY ORDERED** that Meltzer's Motion in Limine (Dkt. No. 204) and Benihana's Updated Motion in Limine (Dkt. No. 217) are **GRANTED IN PART** and **DENIED IN PART** as set forth above.

SIGNED this 1st day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE