IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MELTZER/AUSTIN RESTAURANT CORPORATION, et al. | § § § | |
| V. | § § | A-11-CV-542-AWA |
| BENIHANA NATIONAL CORP. | § § | |

### ORDER

Before the Court are: Defendant's Renewed Motion to Exclude the Testimony and Opinion of George P. Roach (Dkt. No. 228) and Plaintiffs' Response (Dkt. No. 233). The Court held a hearing on the above-motion on April 4, 2014. After reviewing the parties' submissions, the parties' arguments at the hearing, and the relevant law, the Court issues the following Order.

### I.  BENIHANA'S MOTION TO EXCLUDE GEORGE P. ROACH

Pursuant to Federal Rule of Evidence 702, Defendant Benihana National Corporation's ("Benihana") renews its motion to exclude the testimony George P. Roach, Plaintiffs' damage expert. Dkt. No. 228. The general legal principles concerning the admissibility of expert evidence were already set forth in this Court's previous order. *See* Dkt. No. 224 at 2-3. Those same principles guide the Court's discussion and decision articulated below.

In ruling on Benihana's initial motion to exclude the testimony of George P. Roach ("Roach"), the Court noted that Roach only relied upon "general economic factors." *Id.* at 4. More specifically, the only factors mentioned by Meltzer's counsel as reliance for Roach's calculation of four percent growth were "Austin's general healthy economic climate and that Austin was a healthy market for restaurant growth." *Id.* In renewing its motion, Benihana contends that Roach has not cured any of the deficiencies noted by the Court from the previous hearing. *See* Dkt. No. 228.

Instead, Benihana states that Roach "doubles down" on his prediction of four percent annual growth, without relying on any specific historical data for the two Meltzer-owned Benihana franchises. *Id.* The parties reiterated their respective positions during the Court's April 4 hearing, and Roach testified at the hearing regarding why he used a four percent average annual profit growth rate as the basis for his calculations. Having reviewed the parties' arguments at the hearing as well as the submissions on file, including Roach's Supplemental Report (Dkt. No. 228, Exhibit A), the Court will **DENY** Benihana's Renewed Motion to Exclude the Testimony of George P. Roach.

As the Court noted in its earlier order on these matters, its role is to make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592–93 (1993). In its role as gatekeeper, the trial court must determine whether the expert testimony is both reliable and relevant. *Id*. at 589. The Court also noted in the earlier order that the Fifth Circuit has warned that in reviewing motions to exclude experts,

> the trial court's role as gatekeeper [under *Daubert*] is not intended to serve as a replacement for the adversary system. Rather, as *Daubert* makes clear, vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform [an analysis under] *Daubert* . . . into a trial on the merits.

*Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th Cir. 2002) (internal quotations and citations omitted). For example, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the *weight* to be assigned that opinion rather than its *admissibility* and should be left

for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (emphasis added).

This is a case that straddles the line between what is and what is not permitted under Rule 702. Inherently, testimony regarding how the economy is in general, and a single business in particular, will perform in the future is by definition speculative in nature. As a result, any expert attempting to estimate these sorts of damages must make educated guesses about what the future will hold for both the economy generally, and the specific business in particular. Having said this, the law and Rule 702 require that an economic expert offering an opinion on lost profits must make use of past data on the business at issue if that data is available. It was the absence of that evidence which concerned the Court and led to the prior order striking a portion of Mr. Roach's testimony. In both his supplemental report and in the testimony provided at the hearing, Mr. Roach indicated that he had in fact considered the performance of the two Benihana franchises at issue from 2006 through their closure in 2011. He also considered a series of reports from varying sources regarding restaurant sales and income growth, as well as economic data regarding projections of growth in Austin and San Antonio, the two markets at issue here. While the Court might have expected a more detailed and thorough response to its order of last week, the Court does not believe that Mr. Roach's opinion is so unreliable as to fail to meet the standard of Rule 702, as he appears to be basing his projected profit growth on both historical data and existing economic predictions of future restaurant performance in the applicable markets. To the extent BNC continues to criticize Mr. Roach's opinion, it appears that those criticisms go to the weight of the testimony and its credibility.

In accordance with the preceding discussion, it is **HEREBY ORDERED** that Benihana's Renewed Motion to Exclude the Testimony and Report of George P. Roach (Dkt. No. 228) is

**DENIED**, and Mr. Roach will be permitted to testify as set forth in his amended and supplemented reports.

Nothing in this Order should be construed as the Court stating any opinion regarding whether the testimony that may be provided by Mr. Roach will be sufficient to meet the applicable standard under New York or Texas law to obtain an award of lost profits generally, or for the future time period for which the Plaintiff is requesting those damages. That issue will be decided in one or more of the following times: as part of a Rule 50 motion if made, before the jury is charged, or after a verdict is returned.

SIGNED this 4th day of April, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE