# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **MELTZER/AUSTIN RESTAURANT** | § | |
| **CORPORATION, et al.**, | § | |
| | § | |
| **V.** | § | **A-11-CV-542-AWA** |
| | § | |
| **BENIHANA NATIONAL CORP.** | § | |

## ORDER

Before the Court is Defendant Benihana National Corporation's ("Benihana") Rule 50 Motion for Judgment as a Matter of Law and Supporting Brief (Dkt. No. 246) and Benihana's Motion for Final Judgment (Dkt. No. 261); Plaintiffs' Response (Dkt. No. 262); and Benihana's Reply Memorandum (Dkt. No. 263).

## I.  BACKGROUND

The general background of this dispute has been detailed in several previous orders.  *See*, *e.g.*, Dkt. Nos. 108, 181.   Prior to trial, Benihana sought summary judgment on Plaintiffs Meltzer/Austin Restaurant Corporation ("Meltzer Austin I") and Meltzer San Antonio Restaurant I, L.P.'s ("Meltzer San Antonio") claims for breach of contract and economic duress as well as Plaintiffs Bradley Meltzer ("Meltzer") and Meltzer/Austin Restaurant II, LLC's ("Meltzer Austin II") claims for fraud, negligent misrepresentation, promissory estoppel, economic duress and business compulsion, and negligence.[1]  *See* Dkt. No. 169 at 1.  Judge Lee Yeakel denied Benihana's motion for summary judgment on November 21, 2013, on all of the remaining claims in this case.  Dkt. No. 181.  After all parties consented to the undersigned's jurisdiction, they proceeded to trial

---

[1] The Court will refer to Plaintiffs Meltzer/Austin Restaurant Corporation, Meltzer San Antonio Restaurant I, L.P., Bradley Meltzer, and Meltzer/Austin Restaurant II, LLC, collectively as the "Meltzer Plaintiffs."

on April 7, 2014, on the above-mentioned claims.  At the close of the Meltzer Plaintiffs' case, Benihana moved for judgment as a matter of law pursuant to Rule 50 on all of the Meltzer Plaintiffs' claims. Dkt. No. 246.  On April 11, 2014, this Court held a hearing on Benihana's Rule 50 Motion at the close of the Meltzer Plaintiffs' case and the parties' stated their arguments on the record.  The Court also made oral rulings on the motion on the record.  This Order is entered to memorialize those rulings.

Following the Court's rulings on Benihana's Rule 50 Motion, the remaining issue regarding whether Benihana breached the San Antonio Franchise Agreement was presented to the jury for its determination, and on April 15, 2014, the jury returned its verdict finding for Benihana.  Because the jury found no liability against Benihana, it was not required to find whether Meltzer San Antonio was owed any damages.  Benihana now also moves the Court for entry of final judgment on the remaining claim.

## II.  BENIHANA'S RULE 50 MOTION (Dkt. No. 246)

### A.    Standard of Review

Federal Rule of Civil Procedure 50(a) instructs that a grant of judgment as a matter of law ("JMOL") is proper where "a party has been fully heard on an issue during jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue."  In assessing a Rule 50(a) motion, the Court must "review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Engineering*, 258 F.3d 326, 337 (5th Cir. 2001); *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150 (2000).

2

"However, a 'mere scintilla of evidence is insufficient to present a question for the jury' and 'there must be a conflict in substantial evidence to create a jury question.'"  *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003) (quoting *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997)).  A Court should grant a motion for judgment as a matter of law where the evidence so strongly favors one party that a "reasonable trier of fact could not arrive at a contrary verdict." *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1421 (5th Cir. 1993).  Furthermore, although the federal standards of review apply, a court sitting in diversity, as here, "refers to state law for the kind of evidence that must be produced to support a verdict." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011).

B.     **Analysis**

At the close of the Meltzer Plaintiffs' case on April 11, 2014, Benihana moved for judgment as a matter of law on all of the remaining claims.  Its primary contention was that the Meltzer Plaintiffs have failed to present competent evidence of damages as to any of their claims.  Benihana argued that the evidence submitted by the Meltzer Plaintiffs' expert, George P. Roach, failed to prove lost profits with reasonable certainty.  Dkt. No. 246.  Moreover, Benihana contended that Meltzer and Meltzer Austin II's claims of fraud, negligent misrepresentation, and promissory estoppel also fail as a matter of law because there is no evidence (1) of actual or justifiable reliance; (2) that Meltzer or Meltzer Austin II suffered damages as a result of purchasing the location along Interstate 35; and (3) of reliance damages.  *Id.* at 2.  Benihana further argued that benefit of the bargain damages are not available to Meltzer or Meltzer Austin II based on their claims or the evidence presented.  *Id.*

As an initial matter, the Court notes that some of the remaining claims were abandoned by the Meltzer Plaintiffs during the parties' final pretrial conference and subsequent trial.  More specifically, at the final pretrial conference on March 28, 2014, counsel for Meltzer and Meltzer Austin II indicated that those two plaintiffs were dropping their negligence claims against Benihana.  During the first week of trial, the Meltzer Plaintiffs represented that they were also no longer pursuing their economic duress and business compulsion claim.  Finally, Meltzer and Meltzer Austin II dropped their promissory estoppel claim on April 11, 2014, before the Court's hearing on Benihana's Motion.  Accordingly, to the extent Benihana's Rule 50 Motion seeks judgment on the Meltzer Plaintiffs' economic duress and business compulsion claim as well as Meltzer and Meltzer Austin II's promissory estoppel and negligence claims, the Court will **GRANT** the Motion.

Consequently on April 11, 2014, the Court only considered and ruled on the remaining claims in the case, consisting of Meltzer Austin I and Meltzer San Antonio's breach of contract claim and Meltzer and Meltzer Austin II's fraud and negligent misrepresentation claims.  As stated on the record on April 11, 2014, the Court made the following rulings on Benihana's Rule 50 Motion for Judgment as a Matter of Law.[2]

### 1.    Meltzer Austin I and Meltzer San Antonio's Breach of Contract Claim

Benihana's contention that it should be granted judgment as a matter of law on Meltzer Austin I and Meltzer San Antonio's breach of contract claim rests almost entirely on its argument that Plaintiffs' damages expert, George P. Roach, failed to prove the Meltzer Plaintiffs' lost profits damages with reasonable certainty.  Benihana also argued that Meltzer Austin I and Meltzer San

---

[2] The parties do not dispute that New York law applies to Meltzer Austin I and Meltzer San Antonio's breach of contract claim while Texas law applies to Meltzer and Meltzer Austin II's fraud and negligent misrepresentation claims.

Antonio did not present evidence demonstrating that they had cured some of the defaults identified by Benihana.  After reviewing the evidence, the Court disagreed with Benihana and **DENIED** its Motion with regard to Meltzer Austin I and Meltzer San Antonio's breach of contract claim.

The dispute between the parties concerning the testimony of Roach involved essentially the same issues as before trial.  *See* Dkt. Nos. 191, 201, 206, 228.  In the Court's final order on this topic prior to trial, it recognized that Roach's testimony was a case that "straddle[d] the line between what is and what is not permitted under Rule 702."  Dkt. No. 237 at 3.  Roach's testimony at trial did not differ substantially from the reports he submitted prior to trial.  At trial, Roach stated that he considered the historical data from Meltzer's Austin and San Antonio franchises from 2006 through 2011.  He further noted his reasoning behind excluding portions of that data from his calculations based upon the recession and his reliance upon various sources regarding overall restaurant sales and income growth.  Roach also disclosed other factors that impacted his calculations, including economic data relating to the growth of Austin and San Antonio and the increase in restaurant size that was anticipated at the potential new Austin location along Interstate 35.  Considering the entirety of his testimony, the Court **DENIED** Benihana's Rule 50 Motion to the extent it was based on the insufficient evidence presented by Roach for many of the same reasons stated in the Court's final pretrial order on the issue.  *See* Dkt. No. 237.

With regard to Meltzer Austin I and Meltzer San Antonio's breach of contract claim, the Court found that they had presented sufficient evidence to survive judgment.  Under New York law, every contract contains an implied covenant of good faith and fair dealing.  *See, e.g.*, *Dalton v. Educ. Testing Serv.*, 663 N.E.2d 289, 291 (N.Y. 1995); *Gordon v. Nationwide Mut. Ins. Co.*, 285 N.E.2d 849, 854 (N.Y. 1972).  As New York courts have further explained:

> [the implied covenant] embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.  Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion.  The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that would be inconsistent with other terms of the contractual relationship.

*Dalton*, 663 N.E.2d at 291–92 (internal quotations and citations omitted).  A breach of the covenant is a breach of the contract itself.  *See Boscorale Operating, LLC v. Nautica Apparel, Inc.*, 298 N.Y.S.2d 233, 234 (N.Y. App. Div. 1st Dep't 2002).  In this case, one of Meltzer Austin I and Meltzer San Antonio's primary contentions is that Benihana acted unfairly towards the Meltzer franchises in deciding to terminate them.  During the presentation of their evidence, Meltzer Austin I and Meltzer San Antonio elicited testimony indicating that certain steps had been taken by the Meltzer franchises to correct at least some of the defaults identified by Benihana.  Whether Meltzer Austin I and Meltzer San Antonio had taken sufficient steps and whether Benihana's subsequent treatment of them constituted a breach of the implied covenant of good faith and fair dealing was a question for the jury to determine, not the Court.[3]  For all of the foregoing reasons, the Court **DENIED** Benihana's Rule 50 Motion to the extent it sought judgment on Meltzer Austin I and Meltzer San Antonio's breach of contract claim.

### 2.    Meltzer and Meltzer Austin II's Fraud and Negligent Misrepresentation Claims

Meltzer and Meltzer Austin II's fraud and negligent misrepresentation claims rely on the same set of factual allegations—that is, they contend that Benihana committed fraud by making

---

[3] Subsequent to the Court's rulings on Benihana's Rule 50 Motion and prior to the start of Benihana's case, the Meltzer Plaintiffs stated on the record on Monday, April 14, 2014, that they were withdrawing all their claims relating to Meltzer's Austin Benihana franchise location, including Meltzer Austin I's breach of contract claim.  As a result, the only remaining claim when Benihana began its case was the breach of contract claim asserted by Meltzer San Antonio against Benihana.

misrepresentations to them in the course of the parties' discussions regarding a potential new Benihana location along Interstate 35 and that Meltzer and Meltzer Austin II relied on those misrepresentations in deciding to purchase the property in 2010.  After reviewing the evidence presented, the Court **GRANTED** Benihana's Rule 50 Motion on both of these claims.

Under Texas law, the essential elements required to sustain a claim for fraud or negligent misrepresentation are similar.  To establish a claim for fraud, plaintiffs must present evidence showing that:

> (1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result.

*Coffel v. Stryker Corp.*, 284 F.3d 624, 631 (5th Cir. 2002) (citing *Formosa Plastics Corp., USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).  To establish a claim for negligent misrepresentation under Texas law, evidence must be presented that demonstrates:

> (1) a representation was made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) plaintiff suffered pecuniary loss by justifiably relying on the representation.

*Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005) (internal quotations omitted); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991).  Furthermore, parties pursuing a negligent misrepresentation claim may not recover benefit of the bargain damages; only reliance damages are available.  *Sloane*, 825 S.W.2d at 443.  Importantly, "[b]oth fraud and negligent misrepresentation require that the plaintiff show actual and justifiable reliance."  *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010).  A party does not

"justifiably rely on a representation if there are red flags indicating such reliance is unwarranted." *Id.* (citing *Lewis v. Bank of Am. NA*, 343 F.3d 540, 546 (5th Cir. 2003)) (internal quotations omitted).

In reviewing the evidence presented during Meltzer and Meltzer Austin II's case, the Court determined that they failed to present sufficient evidence suggesting that Benihana supplied *false* information to them in the course of the parties' discussion. The Court also found insufficient evidence to show that Meltzer and Meltzer Austin II *justifiably* relied on any alleged misrepresentation by Benihana. As referenced repeatedly by the parties during trial, the email from Tom Vrabel to Meltzer on April 30, 2010, explicitly stated that Meltzer should not spend any money to purchase the property along Interstate 35 until he received written notice of franchise approval. *See* Defendant's Exhibit 46. Despite this notice, Meltzer completed his purchase of the property in June 2010 without receiving any written indication that he had received franchise approval. When questioned by the Court on these issues, Meltzer and Meltzer Austin II failed to point to any evidence presented as part of their case suggesting that Vrabel's statement (or any other statement made by Benihana) was false or that they had justifiably relied on these statements.

Additionally, as to their negligent misrepresentation claim, Meltzer and Meltzer Austin II failed to present any evidence on reliance damages. As noted previously, Roach only discussed lost profits damages at the Austin and San Antonio Benihana franchises, which are not considered reliance damages under Texas law. *See Sterling Chem., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 798 (Tex.App.—Houston [1st Dist.] 2007, pet. denied). "Reliance damages are measured as the *out-of-pocket* expenditures made by one party in reliance on the actions of another party, not by the amount of lost profits and sales." *Id.* (emphasis in original). There was simply no evidence on any out-of-pocket expenses incurred by Meltzer or Meltzer Austin II in reliance upon Benihana's alleged

misrepresentations.  As such, Benihana's Rule 50 Motion pertaining to Meltzer and Meltzer Austin II's fraud and negligent misrepresentation claims were **GRANTED**.

### III.  BENIHANA'S MOTION
### FOR ENTRY OF JUDGMENT (Dkt. No. 261)

Following the conclusion of trial and the jury's verdict, Benihana also moves for entry of final judgment on Meltzer San Antonio's remaining breach of contract claim against Benihana. Benihana also seeks judgment in its favor with regard to its counterclaims against Meltzer Austin I and Meltzer San Antonio for breach of their respective franchise agreements and for the resulting unpaid royalties.  *See* Dkt. No. 124 at 30–33.  During trial, the parties represented that they had come to a resolution regarding Benihana's counterclaims and stipulated that Benihana was entitled to $28,510.40 against Meltzer San Antonio on Count I and $21,501.81 against Meltzer Austin I on Count II of Benihana's counterclaims, with both amounts inclusive of pre-judgment interest, for unpaid royalties.  The parties also agree that Benihana would be entitled to post-judgment interest on these stipulated amounts in accordance with 28 U.S.C. § 1961.  In its response to Benihana's instant motion for entry of judgment, the Meltzer Plaintiffs "do not oppose the entry of a final judgment, dismissing all of their claims against Benihana and the entry of a judgment in Benihana's favor" regarding Benihana's counterclaims for the stipulated amounts noted above.  Dkt. No. 262 at 2.  Therefore, the Court will **GRANT** Benihana's Motion for Entry of Judgment (Dkt. No. 261) as discussed above.

To the extent the Meltzer Plaintiffs oppose an entry of an award of attorneys' fees, the Court notes that both the parties' previous stipulation (Dkt. No. 190) and the Local Rules provide that any issues relating to the prevailing party's attorneys' fees will not be considered until after a judgment

has been entered.  *See* Local Rule CV-7(j).  Additionally, the Local Rules require that the parties

"meet and confer for the purpose of resolving all disputed issues relating to attorney's fees prior to

making [an] application."  *Id.*  As such, the Court will not address the parties' dispute over

Benihana's attorneys' fees, to the extent they exist, until a motion raising that issue is presented after

entry of judgment (before the filing of which  the parties have met and conferred).

### IV.  CONCLUSION

Pursuant to the pleadings, evidence, and verdict of the jury, and in accordance with the

preceding discussion, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Benihana's

Rule 50 Motion for Judgment as a Matter of Law (Dkt. No. 246).  The Court further **GRANTS**

Benihana's Motion for Entry of Final Judgment (Dkt. No. 261), and a judgment will be entered

contemporaneously with this order.

SIGNED this 24th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE